UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMELL M. COOPER,

    Plaintiff,

v.                                                              Case No. 4:23-cv-91-MW-MJF

A. CANNON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In this section 1983 action, Plaintiff Jamell M. Cooper, a prisoner proceeding *pro se*, alleges that FDC Lieutenant A. Cannon used excessive force when he attempted to pin Cooper to the wall and then pushed Cannon after Cooper resisted. Cannon moves to dismiss the complaint for failure to state a claim and qualified immunity. Doc. 34. Cooper opposes the motion. Doc. 37. The undersigned recommends that Cannon's motion to dismiss be granted.

### I. Background

Cooper is an inmate of the Florida Department of Corrections. Doc. 22 at 7. Cooper's third amended complaint alleges that on October 18, 2021, while Cooper was in his cell, an "Officer Greene" conducted a

security check. *Id.* Greene told Cooper that he smelled smoke. *Id.* Greene left the area but soon returned with Lieutenant Cannon. *Id.*

Upon entering Cooper's cell, Lieutenant Cannon pushed Cooper against the wall, put his hand around Cooper's neck, and said, "Fuck boy! You want to smoke in my confinement!" Doc. 22 at 8. Cooper concedes that he resisted Cannon by grabbing Cannon's arm and attempting to remove Cannon's hand from Cooper's neck. *Id.* After Cooper resisted him, Cannon shoved Cooper. Cooper's back struck the toilet. *Id.*

Cooper filed this civil action against Cannon to recover compensatory and punitive damages. *Id.* at 12. Cannon moves to dismiss this action for failure to state a claim on which relief can be granted and because Cannon purportedly enjoys qualified immunity.

## II. Discussion

**A.   Eighth-Amendment Excessive-Force Standard**

Under the Eighth Amendment, "[f]orce that is 'applied in a good-faith effort to maintain or restore discipline' is acceptable, while force that is inflicted 'maliciously and sadistically to cause harm' is prohibited." *Williams v. Radford*, 64 F.4th 1185, 1196 (11th Cir. 2023) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "[U[nreasonable or

unnecessary force does not necessarily constitute *excessive* force for purposes of the Eighth Amendment." *Williams*, 64 F.4th at 1196 (emphasis added) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

A prisoner asserting an Eighth-Amendment excessive-force claim must prove two elements—one subjective and the other objective. *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020). The prisoner must establish that the prison official "acted with a sufficiently culpable state of mind" and that the official's conduct was "objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

Courts use primarily five factors to evaluate the subjective element: "[1] the need for application of force, [2] the relationship between that need and the amount of force used, [3] the threat 'reasonably perceived by the responsible officials,' . . . [4] 'any efforts made to temper the severity of a forceful response,'" and "[5] [t]he absence of serious injury." *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). This evaluation "give[s] a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the

scene of a disturbance." *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (quotation marks omitted).

Under the objective element, the use of force must be "harmful enough" or "sufficiently serious." *DeJesus v. Lewis*, 14 F.4th 1182, 1195 (11th Cir. 2021). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37.

**B.     Cooper Fails to State an Eighth-Amendment Claim**

Cooper claims that Cannon used excessive force when Cannon: (1) pinned Cooper against the wall by the neck and (2) pushed Cooper away (toward the toilet).

### 1. *Cooper's Allegations Fail to Satisfy the Subjective Element of an Eighth-Amendment Claim*

Cooper's allegations fail to raise a reasonable inference that Cannon's force—gauged under the *Hudson*/*Whitley* factors—was applied "maliciously and sadistically for the very purpose of causing harm," as opposed to "in a good-faith effort to maintain or restore discipline." *Wilkins*, 559 U.S. at 37; *Hudson*, 503 U.S. 7–8; *Whitley*, 475 U.S. at 320–21.

First, Cannon's belief that the smoke was emanating from Cooper's cell made use of minimal force "necessary." Cooper concedes that (1)

Greene believed the smoke smell was emanating from Cooper's cell, and (2) Cannon came to Cooper's cell based on Greene's report that Cooper's cell smelled of smoke. Cannon's alleged statement to Cooper—"You want to smoke in my confinement"—confirms Cannon entered Cooper's cell to address the smell of smoke and once in Cooper's cell, pinned Cooper to the wall and reprimanded him. The use of an appropriate degree of force was justified to accomplish the legitimate penological objective of determining the origin of the smoke and deterring the improper smoking of unauthorized substances in prisons. *See, e.g., Lawn v. Sec'y, Fla. Dep't of Corr.*, No. 21-10819, 2023 WL 2292263, at *3 (11th Cir. Mar. 1, 2023) (the need for the use of force—jumping on, restraining and handcuffing inmate—was established by officers' honest but mistaken belief that inmate was high on drugs); *see also* Fla. Admin. Code r. 33-601-314(9-27) (prohibiting the use of unauthorized drugs).

Furthermore, Cooper's resistance of Cannon—by grabbing Cannon's arm and attempting to remove it from Cooper's body—justified Cannon's use of force insofar as Cannon pushed Cooper. Cannon was justified in pushing Cooper both for Cannon's protection and to restore discipline. *See, e.g., Sanks v. Williams*, 402 F. App'x 409, 412 (11th Cir.

2010) (officer's use of limited force on prisoner who was acting aggressively was justified to subdue prisoner and regain control of situation).

Second, the need for force was proportional to the force Cannon used. Pinning Cooper to the wall in response to a report that he was smoking in his cell was a limited, measured show of force to restore and maintain discipline. Similarly, shoving Cooper was a measured response to Cooper grabbing Cannon's arm.

As to the remaining *Whitley* factors, Cannon ceased all force after Cooper fell and there no longer was a need for force. Although Cooper sustained a back injury when he hit the toilet, there is no indication that Cannon intended to cause such injury or that the push was an excessive use of force. *See Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (prison guard's open-handed shove of unruly inmate was not excessive even though it resulted in inmate's falling and breaking his hip).

In short, construing Cooper's allegations in the light most favorable to him, they raise only a "mere dispute over the reasonableness of the particular use of force" and do not support a reasonable inference that

Cannon applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320–21.

### 2. *Cooper's Allegations Fail to Satisfy the Objective Element of an Eighth Amendment Claim*

Cooper failed to state a claim upon which relief can be granted in yet a second respect: Cooper's allegations fail to satisfy the objective element of an Eighth-Amendment claim. Cannon's act of pinning Cooper to the wall by the neck and pushing Cooper away in response to Cooper grabbing Cannon's arm was an objectively *de minimis* use of force that was "not of a sort repugnant to the conscience of mankind." *See Hudson*, 503 U.S. at 10. Rather, it was similar to the "push or shove" referenced in *Wilkins*, which "almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 38 (quotation marks omitted); *see also Smith v. Sec'y, Dep't of Corr.*, 524 F. App'x 511, 513–14 (11th Cir. 2013) (prison guard's twisting handcuffed inmate's arms upward while pressing him against the wall in an "unprovoked attack" was a *de minimis* use of force that did not violate the Eighth Amendment).

### C. **Cannon Is Entitled to Qualified Immunity.**

Even if Cooper had stated an excessive-force claim, Cannon would be entitled to qualified immunity.

Page 7 of 13

1. *Qualified Immunity Standard*

Qualified immunity provides "complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To receive qualified immunity, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019). At that point, the burden shifts to the plaintiff to allege that the defendant violated a constitutional right that was clearly established at the time of the alleged violation. *Whittier v. Kobayashi*, 581 F.3d 1304, 1308 (11th Cir. 2009).

2. *Failure to Allege an Eighth-Amendment Violation*

As discussed above, Cannon's alleged conduct did not violate the Eighth Amendment. For this reason alone, Cannon is entitled to qualified immunity.

3. *Failure to Demonstrate Clear Establishment*

Even if Cooper's third amended complaint plausibly alleged a violation of the Eighth Amendment, Cannon still is entitled to qualified

immunity because the law did not place the constitutionality of Cannon's conduct "beyond debate." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

To be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "This is because officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases, and an official's awareness of the existence of an abstract right does not equate to knowledge that <u>his</u> conduct infringes the right." *Corbitt*, 929 F.3d at 1311–12 (internal quotation marks and citation omitted).

"This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of the pre-existing law the unlawfulness must be apparent." *Anderson*, 483 U.S. at 640. "[T]he salient question is whether the state of the law gave the defendant[] fair warning that [his] alleged conduct was unconstitutional." *Corbitt*, 929 F.3d at 1312 (internal quotation marks and citation omitted).

Page 9 of 13

There are three independent ways that "a plaintiff can show that the state of the law gives officials fair warning of a clearly established right." *Id.* First, the plaintiff could "show that a materially similar case has already been decided." *Id.* (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005)). "This category consists of cases where judicial precedents are tied to particularized facts." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012).

Second, the plaintiff could "show that a broader, clearly established principle should control the novel facts" of a particular situation. *Mercado*, 407 F.3d at 1159. "The rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Wesby*, 583 U.S. at 63 (internal quotation marks and citation omitted). "This requires a high degree of specificity." *Id.* at 63 (internal quotation marks and citation omitted). "A rule is too general if the unlawfulness of the officer's conduct does not follow immediately from the conclusion that the rule was firmly established." *Id.* at 64 (internal quotation marks and citation omitted).

Third, the plaintiff could show that his case "fits within the exception of conduct which so obviously violates [the] constitution that

prior case law is unnecessary." *Mercado*, 407 F.3d at 1159; *see also Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (noting in a case where the Eighth-Amendment violation was "obvious," that there need not be a materially similar case for the right to be clearly established); *Wesby*, 583 U.S. at 64.

Cooper has not demonstrated that the state of the law clearly established the unlawfulness of Cannon's conduct. Cooper asserts that *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986) clearly established that Cannon's conduct violated the Eighth Amendment. *See* Doc. 37 at 9–12. The *Hewett* case, however, is distinguishable on its facts.

In *Hewett*, a juvenile pretrial detainee giggled about another detainee's prank, and protested the superintendent's placement of the other detainee in isolation. The superintendent slammed the juvenile against the wall, took him to an isolation cell, shoved him against the cell wall, and shoved him again against a metal cot, injuring the juvenile's shoulder. *Id.* at 1082–83. The superintendent kept the juvenile in isolation for seven days, and disallowed medical treatment for the first three days. The Eleventh Circuit held that the superintendent's force constituted "punishment" in violation of the Fourteenth Amendment's due process clause because (1) the juvenile was merely a bystander who

Page 11 of 13

had not participated in any rule violation or improper conduct; (2) the juvenile had not threatened to harm any property, employees, or other detainees; (3) the force was applied by an adult against a juvenile; and (4) the superintendent kept the juvenile in isolation for seven days and purposely withheld medical treatment for three days.

The circumstances alleged here bear no resemblance to those in *Hewett*. Cannon believed that Cooper had engaged in prohibited conduct by smoking an unauthorized substance in his cell. Cannon pinned Cooper against the wall and reprimanded him. Cannon shoved Cooper only after Cooper, by his own account, "resist[ed] against [Cannon's] grip around his kneck [sic] by grabbing his arm attempting to remove it." Doc. 22 ¶ 10.

Because Cooper has not demonstrated that Cannon's alleged conduct clearly was unconstitutional, Cannon is entitled to qualified immunity.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Defendant Cannon's motion to dismiss this action;

and

    2.   **DIRECT** the clerk to close this case.

At Pensacola, Florida, this <u>21st</u> day of October 2024.

                                      /s/ *Michael J. Frank*
                                      **Michael J. Frank**
                                      **United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**